UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

DERRICK FONTAINE,

                Plaintiff,

     -against-                           MEMORANDUM AND ORDER
                                                05-CV-4456 (SLT)

ROBERT C. HEINEMANN; JAMES WARD,

                Defendants.
-----------------------------------------------------------x
TOWNES, United States District Judge.

FILED
IN CLERK'S OFFICE
U. S. DISTRICT COURT E.D. N.Y.
★ OCT 6 2005 ★
TIME A.M._____
P.M._____

Plaintiff, incarcerated at Southport Correctional Facility, files the present action *pro se* pursuant to 42 U.S.C. § 1983, against the Clerk of Court and the District Executive of the United States District Court for the Eastern District of New York ("Eastern District"). Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted, however the complaint is dismissed for the following reasons.

## BACKGROUND

Plaintiff alleges that on April 6, 2005, April 25, 2005 and July 9, 2005, he requested forms from this Court which he did not receive. Plaintiff further alleges that "defendants conspired and acted in concert with each other to deny plaintiff meaningful access to the court." Complaint at 4, Statement of Claim. Plaintiff seeks to have the defendants arrested, and sixty million dollars in damages.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C.§ 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is

1

"frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915(b); Liner v. Goord, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

Plaintiff brings this action *pro se* pursuant to 42 U.S.C. § 1983 alleging that defendants failed to send him forms that he requested thereby denying him access to the courts.[1] Mindful of the Court's duty to construe *pro se* actions liberally, this Court interprets plaintiff's complaint, to the extent it asserts a violation of plaintiff's constitutional rights, as an action arising pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). A Bivens action is the nonstatutory federal counterpart of a suit brought pursuant to 42 U.S.C. § 1983 and is aimed at federal rather than state officials. Butz v. Economou, 438 U.S. 478, 498-99 (1978); Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995).

Defendant Robert C. Heneimann is the Clerk of Court of the Eastern District and defendant James Ward is the District Executive for the Eastern District. The role of both the Clerk of Court and District Executive includes performing functions at the direction of judges, as well as performing purely administrative tasks. Court clerks have been granted absolute immunity where the judge was the ultimate decision maker and the clerk was just carrying out the orders of the judge. See Oliva v. Heller, 839 F.2d 37, 39 (2d Cir. 1988) (court clerks are accorded absolute immunity where their acts are of a judicial nature). However, in the performance of ministerial, nonjudicial duties, a clerk is entitled to qualified, good faith immunity. Kane v. Han, 550 F.Supp 120, 122-23 (E.D.N.Y. 1982);

---

[1] The Court notes that the instant action was filed on a form supplied by this Court.

2

Gutierrez v. Vergari, 499 F.Supp. 1040, 1047 n. 5 (S.D.N.Y. 1980). Under this immunity, clerks are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Even if this Court were to find that the sending of forms was a ministerial act, defendants would be entitled to qualified immunity in this instance. Defendants' actions did not violate a clearly established right. Although plaintiff alleges that he requested forms from this Court that he never received, it is unclear what transpired. Assuming that plaintiff did not receive the requested forms from this Court, he still could have filed a lawsuit without such forms. Moreover, the filing of the instant complaint, on a form supplied by this Court serves to rebut any claim of denial of access to the Court.

It is well-settled that Bivens claims against federal officers in their official capacities are prohibited under the doctrine of sovereign immunity. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994). To sustain a Bivens claim against the defendants in their individual capacities, plaintiff would need to show that they either participated in or personally authorized wrongful actions by others. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted). Conclusory allegations of involvement, such as those that the plaintiff attempts to make here, are insufficient. See Barbera v. Smith, 836 F.2d 96, 99 (2d Cir. 1987) (failure to state Bivens claim where complaint merely alleges in conclusory language that defendant failed to adequately train or supervise); Ellis v. Blum, 643 F.2d 68, 85 (2d Cir. 1981) (liability may not be established on a pure respondeat superior theory). Here, plaintiff alleges no facts suggesting that defendants were personally involved in his failure to receive the requested forms.

Furthermore, plaintiff alleges no facts to indicate that defendants were engaged in a conspiracy to deny him access to this Court. In Ciambriello v. County of Nassau, 292 F.3d 307, 324-325 (2d Cir. 2002), the court explained that "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Id. at 325 (quoting Dwares v. City of N.Y., 985 F.2d 94, 100 (2d Cir. 1993). The Second Circuit deemed the factual allegations inadequate in Ciambriello because plaintiff had "not provided any details of time and place and failed to specify in detail the factual basis necessary to enable defendants intelligently to prepare their defense." Hernandez v. Goord, 312 F.Supp.2d 537, 546 (S.D.N.Y. 2004). Here, plaintiff has failed to allege sufficient facts to support a cognizable claim for the existence of a conspiracy. See Straker v. Metropolitan Transit Auth., 333 F.Supp.2d 91, 102 (E.D.N.Y. 2004).

## CONCLUSION

Accordingly, the complaint filed *in forma pauperis* is dismissed because it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A . The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
October 5, 2005

4